IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SEAN LANCE FOURNIER,<br><br>Plaintiff,<br><br>vs.<br><br>CCA-CCC, WARDEN(S), MS. BOWEN, et al.,<br><br>Defendants. | CV 16-00125-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Sean Fournier filed a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2) and a document which has been construed as a supplement to the Complaint (Doc. 4) alleging Defendants violated his Fourteenth and Eighth Amendment rights. This matter should be dismissed for failure to file within the applicable statute of limitations.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Fournier is a state prisoner proceeding without counsel. He is proceeding in forma pauperis and is currently incarcerated at Montana State Prison. The events giving rise the allegations in the Complaint occurred at Crossroads Correctional Center ("CCC") in Shelby, Montana.

1

Liberally construed, Mr. Fournier has named the following CCC employees as Defendants: Crossroads Correctional Center, staffers, grievance coordinators, and counselors; Ms. Bowen, cook management; Mike Mahoney, ex warden; and CCA wardens between 2004 and 2007.

**B. Allegations**

Mr. Fournier's allegations are rambling and incoherent. As an example, his Statement of Claim includes the following:



(Complaint, Doc. 2 at 5.) Liberally construed, it appears that Mr. Fournier is attempting to raise claims pursuant to the Eighth and Fourteenth Amendments to the United States Constitution regarding his incarceration at Crossroads Correctional Center between 2004 and 2006. (Complaint, Doc. 2 at 5.)

**II. INITIAL SCREENING**

Because Mr. Fournier is a prisoner proceeding in forma pauperis the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

4

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  ANALYSIS

Mr. Fournier's filings are so incoherent as to violate Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires that a claim be stated clearly enough to enable a defendant to frame a responsive pleading.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed.R.Civ.P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Mr. Fournier filings are incomprehensible and it is impossible to determine the precise nature of Mr. Fournier's claims.  As such, this matter should be dismissed for failure to comply with Rule 8.

While it may be possible to cure a Rule 8 violation with the allegation of additional facts, the Complaint should also be dismissed for failure to file within

5

the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Mr. Fournier's Complaint is dated December 14, 2016, therefore all claims accruing prior to December 14, 2013, are barred by the applicable statute of limitations. Mr. Fournier alleges his claims arose between 2004 and 2006. As such, his claims accrued prior to December 14, 2013, and are barred by the statute of limitations. This is not a defect which could be cured with further amendment.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED WITH PREJUDICE.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No

reasonable person could suppose an appeal would have merit.  The record makes

plain the Amended Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to

file within the applicable statute of limitations constitutes a failure to state a claim

upon which relief may be granted.  *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v.*

*Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of

limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Fournier may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

DATED this 21st day of June 2017.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge